Charley PICKFORD et al., Appellants,

v.

Tyme O. BROADY et vir, Appellees.

No. 7786.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 15, 1966.

Victor F. Branch, Baker, Branch & McGehee, W. T. Dorman, Houston, for appellants.

Frank Caton, William C. Bullard, Baker, Botts, Shepherd & Coates, Houston, for appellees.

DAVIS, Justice.

A suit for damages. Plaintiff-appellant, Phillips Kingston Pickford, a minor, testified on direct, cross, re-direct and re-cross examination with respect to liability as a result of an accident that happened in the intersection of Bank Street and South Sheppard Street in the City of Houston. Defendants-appellees, Tyme O. Broady, et vir., agreeing to the presentation of further evidence with respect to damages, filed a motion for instructed verdict on the theory that the minor appellant was guilty of negligence as a matter of law.

The evidence shows that on June 17, 1963, while the minor appellant, a 13 year old boy, riding his bicycle in a westerly direction on the south side of Bank Street when he approached an intersection of Bank Street with South Sheppard Street. Bank Street was a two-way street. South Sheppard was a one-way street with all traffic going north. When minor appellant reached South Sheppard Street, he stopped in obedience to a stop sign. He testified that he was riding his bicycle on the left side of Bank Street because he had been taught to do so. He testified that he looked to the south and noticed an automobile about a block away on South Sheppard Street. He started across and he saw this lady (the appellant) coming at him real fast. She didn't seem to be looking. He testified that she was looking off and she hit him. He testified that she was looking to the passenger side of

the car. He testified that he proceeded on into the street because he thought he had plenty of time to make it across. He testified that the lady was driving a Blue Starfire, was speeding, and that he was about half way across South Sheppard when he was struck by her car. The trial court granted a motion for instructed verdict. Appellants have perfected their appeal and bring one point of error.

By their point of error, appellants say the trial court erred in granting the motion for instructed verdict because they had plead and presented a prima facie case of negligence, which proximately caused the injuries in question, and there was no evidence of contributory negligence as a matter of law.

The evidence must be construed in the light most favorable to appellants. 4 Tex.Jur. 259, Sec. 756; 4 Tex.Jur. 384, Sec. 1835.

We have carefully examined the entire record. The pleadings allege negligence and a cause of action for damages.

The evidence shows the minor appellant was travelling West on Bank Street. He stopped in obedience to a stop sign as he approached South Sheppard Street. He looked to his right and saw a car about a block away, and decided that he could cross the street before the car reached him. While he was crossing South Sheppard Street, and after he had entered the intersection, he looked towards the car again and saw that it was approaching him very fast. He noticed that the appellee was looking towards the passenger side of her vehicle as she entered the intersection. She was speeding. The impact occurred about 15 feet West of the East curb line of South Sheppard Street. The minor appellant suffered severe damages. The evidence is sufficient to show that the negligence of the appellee was proximate cause of the damages. There is no evidence of any negligence on the part of the minor appellant. The special issues should have

been submitted to the jury. 4 Tex.Jur. 384, Sec. 835, and the authorities therein cited. The point is sustained.

The judgment of the trial court is reversed and the cause is remanded.